```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
CHARLIE G. CURRIN,                        :
                                          :
                    Plaintiff,            :    20cv6047 (DLC)
                                          :
              -v-                         :    OPINION AND ORDER
                                          :
GLENWOOD MANAGEMENT CORP.,                :
                                          :
                    Defendant.            :
                                          :
----------------------------------------- X
```

APPEARANCES:

For plaintiff Charlie G. Currin:
<u>Pro Se</u> Charlie G. Currin

For defendant Glenwood Management Corp.:
Adam G. Guttell
Jackson Lewis P.C.
58 South Service Rd., Ste. 250
Melville, NY 11747

DENISE COTE, District Judge:

    Charlie G. Currin, proceeding <u>pro se</u>, has sued his landlord, Glenwood Management Corp. He claims that Glenwood failed to accommodate his disability in violation of the Americans with Disabilities Act ("ADA") and the Fair Housing Act ("FHA"), principally by failing to transfer him to a two bedroom apartment upon his request. Glenwood has moved to dismiss Currin's complaint for failure to state a claim, pursuant to Rule 12(b)(6), Fed. R. Civ. P. For the following reasons, the motion to dismiss is granted.

**Background**

The following facts are derived from Curran's complaint, as well as the "Statement of Facts" annexed to his complaint and his submission in opposition to Glenwood's motion to dismiss. See Nielsen v. Rabin, 746 F.3d 58, 63 (2d Cir. 2014) (considering, in reviewing a motion to dismiss a pro se complaint, the factual allegations in both the complaint and the plaintiff's opposition to the defendant's motion to dismiss).

As a result of a 2009 stroke, Currin developed a syndrome that causes pain, numbness, and sensory disturbances throughout the right side of his body.  After securing an apartment through a housing lottery, Currin moved into Crystal Green, a building owned by Glenwood, on December 28, 2012.  Promotional materials for Crystal Green represented that the building was handicapped accessible.

In June 2013, Currin's doctor prescribed crutches for Currin, and they were delivered to his residence.  Upon receiving the crutches, Currin was told by delivery personnel that "[Crystal Green] is not handicapped accessible."  Currin also claims that because the building "was not handicapped accessible," he could not open a door connecting the building's lobby to its service entrance or a door that allowed Crystal

Green residents to access a courtyard on the building's second floor.[1] He does not, however, allege that he brought to Glenwood's attention his difficulty accessing the Crystal Green courtyard. Nor does he allege that his inability to use the door connecting the lobby to the service entrance deprived him of access to any of the building's services: indeed, he explicitly states that he could access the service entrance by exiting the building through the main door and reentering through a door connecting the service entrance to the street. In 2016, Glenwood modified the second floor courtyard doors to facilitate access by people with disabilities.

Beginning in 2014 and continuing into 2015, Currin made several requests of Glenwood staff to be moved into a different Glenwood unit. He requested that he be moved into a two-bedroom apartment, which would afford space for a live-in medical assistant, in a building "in a safe location" with an available swimming pool for aquatic exercise. In November 2014, Mildred

---

[1] Currin's allegations regarding the lobby and courtyard doors were not included in his complaint, but instead were raised for the first time in his submission in opposition to Glenwood's motion to dismiss. Ordinarily, a court "should remain within the non-movant's pleading when deciding" a motion to dismiss, Lively v. WAFRA Inv. Advisory Grp., Inc., 6 F.4th 293, 305 (2d Cir. 2021), and should not consider factual allegations first raised in a party's brief. But since Currin is a pro se litigant entitled to "liberal construction of pleadings [and] motion papers", Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010), the Court will consider these allegations.

Flores, a member of Glenwood staff, told Currin that he would be placed on the waiting list for a two-bedroom unit if he provided a letter from his doctor reflecting his needs.  In May 2015, Flores informed Currin that Glenwood did not have any two-bedroom units available but that he would be notified if one became available.  Later that year, Currin was informed that he had been placed on a waiting list for his requested apartment, but that a live-in medical assistant could move into his current apartment to assist him in the interim, and he could use a pool in another Glenwood building.  In 2019 and 2020, Currin again corresponded with Glenwood staff regarding his position on a waiting list for his preferred apartment and was told that he would be offered such a unit if one became available.

Currin also describes a series of incidents, occurring between 2017 and 2020, in which he was assaulted in the vicinity of Crystal Green.  While he claims that Glenwood staff was aware these incidents occurred, he does not allege that these incidents occurred on Crystal Green property.  He also alleges that, because of injuries incurred during some of these incidents, he was unable to use certain facilities in his apartment.  He does not, however, allege that he brought his injuries and their implications for the use of the facilities of his apartment to the attention of Glenwood management.

4

Currin commenced this action in New York Supreme Court on July 2, 2020.  Glenwood removed the case to federal court on August 3 and moved to dismiss on August 10.  After a series of extensions related to Currin's medical situation, Currin filed an amended complaint on February 25, 2021.  Glenwood moved to dismiss the amended complaint on April 7.  The motion to dismiss became fully submitted on April 29.[2]

## Discussion

In deciding a motion to dismiss for failure to state a claim, the court "ask[s] whether the complaint's allegations, taken as true and afforded all reasonable inferences, state a plausible claim for relief."  Henry v. Cty. of Nassau, 6 F.4th 324, 331 (2d Cir. 2021).  To avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  It must offer more than "naked assertions devoid of further factual enhancement," and a court is not "bound to accept as true a legal conclusion couched as a factual allegation."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

---

[2] Upon removal, this case was initially assigned to the Honorable Vernon Broderick.  The case was reassigned to this Court on September 9, 2021.

As noted above, "the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Meadows v. United Servs., Inc., 963 F.3d 240, 243 (2d Cir. 2020) (citation omitted). But in order to survive a motion to dismiss, a pro se complaint, like any other, "must state a plausible claim for relief." Id. (citation omitted).

In his complaint, Currin brings what he describes as a claim for "Handicapped Disabled Discrimination," but in his submission in opposition to Glenwood's motion to dismiss, he clarifies his complaint as one for violations of Title II of the ADA, Title III of the ADA, and the FHA. This Opinion analyzes his complaint under those frameworks, which in any event largely overlap. Tsombanidis v. W. Haven Fire Dep't, 352 F.3d 565, 573 n.4 (2d Cir. 2003) ("Due to the similarities between the [ADA and FHA], we interpret them in tandem.").

In order to plead a claim under Title II of the ADA, 42 U.S.C. § 12132, Title III of the ADA, 42 U.S.C. § 12182, or the FHA, a plaintiff must allege "(1) that she is a qualified individual with a disability; (2) that she was excluded from participation in a public entity's [or public accommodation's] services . . . or was otherwise discriminated against . . . ; and (3) that such exclusion or discrimination was due to her

disability." Hamilton v. Westchester Cty., 3 F.4th 86, 91 (2d Cir. 2021) (citation omitted). An ADA claim may be premised on, inter alia, "failure to make a reasonable accommodation" of the plaintiff's disability. Id. (citation omitted). In the context of a housing-related failure to accommodate claim, a plaintiff must allege

> (1) that [she] had a handicap within the meaning of [the statute]; (2) that the defendant knew or reasonably should have been expected to know of the handicap; (3) that the accommodation was likely necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation requested was reasonable; and (5) that the defendant refused to make the requested accommodation.

Olsen v. Stark Homes, Inc., 759 F.3d 140, 156 (2d Cir. 2014) (setting out elements to be proven at trial).[3] "Requested

---

[3] While the Second Circuit in Olsen held that a housing discrimination plaintiff relying on a theory of failure to accommodate a disability must ultimately prove each of these elements at trial, it has never addressed the question of what a housing discrimination plaintiff alleging failure to accommodate must plead in order to survive a motion to dismiss. But in the related context of a failure to accommodate claim by an employee against an employer, the Second Circuit has held that a plaintiff must plead an analogous set of elements in order to survive a motion to dismiss. See Costabile v. New York City Health and Hospitals Corp., 951 F.3d 77, 81 (2d Cir. 2020); see also Hunt v. Aimco Properties, L.P., 814 F.3d 1213, 1225 (11th Cir. 2016) (setting forth the pleading standard for failure to accommodate in violation of the FHA and ADA); Mercer v. New York City Housing Authority, No. 19cv8842 (LGS), 2021 WL 230124, at *3 (S.D.N.Y. Jan. 22, 2021) (same); Town and Country Adult Living, Inc. v. Village/Town of Mount Kisco, No. 17cv8586 (CS), 2019 WL 1368560, at *16 (S.D.N.Y. Mar. 26, 2019) (same).

accommodations are reasonable where the cost is modest and they do not pose an undue hardship or a substantial burden on the housing provider." Id.

Applying this standard, Currin has failed to state a claim for disability discrimination. He has alleged that, for various reasons, he believes that Crystal Green is not "handicapped-accessible." But, assuming without deciding that he has a disability within the meaning of the relevant statutes, he has failed to allege that these alleged deficiencies have deprived him of an equal opportunity to use and enjoy his dwelling at Crystal Green. An abstract awareness, gleaned from a comment of a third party, that the building may not be accessible to all is not sufficient to state a claim. Nor is it sufficient to claim that, before 2016, he was unable to use a specific facility at Crystal Green without plausible allegations that he could not use that facility because of his specific disability, that a reasonable accommodation could have rectified the situation, that he requested the accommodation, and the defendant failed to make that accommodation. Currin has failed to plead each of these required elements.[4] Indeed, Currin's own submissions

---

[4] Because the allegation about the inadequacy of the door during the period between 2012 and 2016 fails to state a claim, it is unnecessary to consider whether a claim related to the door would also be time-barred.

undermine any possibility that he could establish these elements: for instance, while he alleges that he could not, for a time, access certain facilities at Crystal Green because his disability prevented him from opening certain doors in the building, his submissions also acknowledge that Glenwood ultimately modified the doors in a manner that facilitated his access.

Currin also fails to state a claim for another reason. He has alleged that he requested an accommodation from Glenwood, but he has failed to plausibly allege that Glenwood acted inappropriately in response to that request. Currin alleges that a reasonable accommodation for his disability was a transfer to a larger apartment in a building with a pool and that he requested this accommodation. But the allegations in Currin's own complaint reveal that Glenwood tried to provide the requested accommodation. According to Currin, Glenwood placed him on a waiting list for a larger unit, permitted a medical assistant to move into his existing unit, and afforded him access to a pool in another building.

Since Currin has failed to state a claim under the ADA or FHA, the defendants' motion to dismiss is granted. The Court also declines to grant Currin leave to file a second amended complaint. When a district court considers a motion to dismiss

9

a pro se complaint, it is obligated to "grant[] leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Nielsen, 746 F.3d at 62 (citation omitted).  But as is the case for any complaint, a district court is not obligated to grant leave to amend "when amendment would be futile."  Id.  In this case, Currin was already given an opportunity to amend his complaint after the defendants moved to dismiss.  Moreover, any amendment would be futile.  This Opinion has considered the arguments and allegations included in Currin's opposition to Glenwood's motion to dismiss and treated them as if they had been alleged in his complaint.  For the reasons set forth in this Opinion, Currin's complaint cannot plausibly be amended to state a claim.

**Conclusion**

Glenwood's motion to dismiss is granted.  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  The Clerk of Court is directed to enter judgment for the defendants and close this case.  The Clerk of Court shall also mail a copy of this Opinion to Currin and note mailing on the docket.

Dated:    New York, New York
          October 8, 2021

                                    _____
                                            DENISE COTE
                                    United States District Judge